# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Donald Askew,

        Plaintiff,

   vs.                           REPORT AND RECOMMENDATION

Alexandria-Minnesota Sheriff/Police
Department - District Attorney Office;
Buffalo, Minnesota Sheriff/Police
Department; Brownly, Minnesota
Sheriff/Police Department; Dickerson,
North Dakota; Dilworth, Minnesota;
Everett, Washington Sheriff Department;
Fergus Falls Sheriff/Police
Department; Morris, Minnesota
Sheriff/Police Department; Wheaten,
Minnesota Sheriff Department;
Stillwater, Minnesota Police Department;
New Richmond, Wisconsin; Somerset,
Wisconsin; and Stillwater Medical Group,

        Defendants.        Civ. No. 09-389 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Chief Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Donald Askew, for leave to proceed in forma pauperis ("IFP").  See, Docket No. 2.  The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed.

## II.  Background

The Plaintiff commenced this action by tendering a collection of papers to the Clerk of Court.  None of the Plaintiff's submissions is labeled as a "Complaint," and none of them bears any type of caption.  Furthermore, none of the Plaintiff's submissions meets the elemental pleading requirements prescribed by Rules 8 through 11, Federal Rules of Civil Procedure.  Indeed, none of the Plaintiff's submissions bears any reasonable resemblance to a Civil Complaint, and it is by no means clear that any of them is even intended to be such a pleading.

The Plaintiff apparently believes that some law enforcement officer or agency, in the State of Washington, has defamed him by calling him a child molester.  However, the Plaintiff has not provided any comprehensible description of the facts or events purportedly giving rise to his claim, and he has not described any specific

acts or omissions by any party, who might be an intended Defendant.  On this Record, we are unable to ascertain who the Plaintiff is attempting to sue, or what relief, if any, he is seeking.

### III.  Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has failed to state a claim on which relief can be granted.  See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's submissions fail to state any legally cognizable cause of action.

To state a cause of action on which relief can be granted, a complainant must allege a set of specific historical facts which, if proven true, would entitle him to some legal redress against the named defendants, based on some settled legal principle or doctrine.  While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

As we have noted, the Plaintiff's current submissions do not describe any

specific historical facts or events, nor do they describe any specific acts or omissions,

by any of the parties who appear to be the intended Defendants.  Therefore, we find

that the Plaintiff has failed to state a cause of action on which relief can be granted

and, as a result, we conclude that this case should be summarily dismissed pursuant

to Title 28 U.S.C. §1915(e)(2)(B)(ii) and, correlatively, the Plaintiff's IFP application

should be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That this action be summarily dismissed pursuant to Title 28 U.S.C.

§1915(e)(2)(B)(ii).

2.     That the Plaintiff's Application to proceed in forma pauperis [Docket No.

2] be denied, as moot.

BY THE COURT:

Dated:  March 2, 2009                 s/Raymond L. Erickson
                                                 Raymond L. Erickson
                                                 CHIEF U.S. MAGISTRATE JUDGE

N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.2(b), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than**

**March 19, 2009**, a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with

this procedure shall operate as a forfeiture of the objecting party's right to seek review

in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a

Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than March 19, 2009**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.